BLD-044                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2505
_____

UNITED STATES OF AMERICA

v.

TIMOTHY WALKER,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-94-cr-00488-004)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2022

Before: AMBRO, KRAUSE, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 29, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Timothy Walker appeals pro se from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. We grant the Government's motion and will summarily affirm the District Court's judgment.

In 1996, a jury in the Eastern District of Pennsylvania found Walker guilty of conspiring and attempting to possess cocaine with intent to distribute. Applying an armed career criminal sentencing enhancement, the District Court sentenced Walker to 480 months' imprisonment followed by ten years of supervised release. He is presently scheduled for release in November 2029.

In November 2020, Walker filed the operative motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In that motion, Walker argued that the COVID-19 pandemic presented an extraordinary and compelling reason for relief, and that if he were sentenced under the current sentencing regime, he would not qualify for an armed career criminal sentencing enhancement. The Government opposed the motion and both parties submitted supplemental briefs on the latter issue. The District Court denied Walker's motion, finding neither circumstance extraordinary or compelling. See ECF No. 327 at p. 2 n.i. Walker timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 329-30 (3d Cir. 2020). We may take summary action if "no substantial question is presented" in the appeal, 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, and may

2

affirm on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).[1]

The District Court properly exercised its discretion in finding that Walker did not demonstrate "extraordinary and compelling" reasons for release. The crux of Walker's request for relief rested on his fear of contracting the COVID-19 virus and the prison's failure to curtail the spread of the virus. Walker, however, did "not allege any medical condition or special risk factors" that rendered him susceptible to harm if he did contract the virus. ECF No. 327 at p. 2 n.i. Moreover, as the District Court observed, "'the mere existence of COVID-19 in society and the possibility that it may spread [. . .] cannot independently justify compassionate release.'"[2] Id. (quoting United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)). Walker's failure to point to any medical condition defeats his claim for relief.

---

[1] Third Circuit Local Appellate Rule 27.4 provides that, absent a change in circumstances, a motion for summary action should be filed before an appellant's brief is due. The Government moved for summary action after Walker's brief was due. It pointed to its uncertainty regarding the COVID-19 pandemic as a reason for the delay, see C.A. No. 6 at p. 4 n.1, and requested leave to file its motion for summary action out of time after receiving his brief raising meritless arguments. We grant that request.

[2] Although the District Court did not explicitly discuss the § 3553(a) factors in denying his motion, see C.A. No. 5 at pp. 2, 10, we discern no error. As relevant here, a district court may grant a motion for compassionate release only if extraordinary circumstances exist and the § 3553(a) factors militate in favor of reduction. See 18 U.S.C. § 3582(c)(1). The District Court exercised appropriate discretion in denying Walker's motion based solely on the extraordinary-circumstance determination.

In a supplemental filing submitted in the District Court, Walker argued that our decision in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc),[3] invalidated his armed career criminal sentencing enhancement. See ECF No. 307. The change in the sentencing scheme, he maintained, presented an extraordinary circumstance for release. Walker's argument is foreclosed by United States v. Andrews, 12 F.4th 255, 260–61 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446 (2022). There, we held that neither the length of a lawfully imposed sentence nor the non-retroactive changes in statutory sentencing law establish extraordinary and compelling circumstances for release. Id. For that reason, we agree with the District Court that Walker's sentence under the current sentencing regime is "immaterial" to his request for relief. ECF No. 327 at p. 2 n.i.

Finally, we agree with the District Court that Concepción v. United States, 142 S. Ct. 2389 (2022), does not provide Walker with a basis for relief either. In Concepción, the Supreme Court clarified that courts may consider intervening changes in law when a defendant is resentenced under the First Step Act. Id. at 2396. But Concepción did not address the "threshold question" at issue here: "whether [Walker] has established an 'extraordinary and compelling' reason for release."[4] See United States v. King, 40 F.4th

---

[3] In Nasir, we held that inchoate crimes (such as attempt and conspiracy offenses) no longer qualify as predicate drug offenses to trigger an armed career criminal sentencing enhancement. 17 F.4th at 469 n.10, 472.

[4] We also agree with the District Court that Walker's remaining arguments – challenging his sentence as excessive in comparison to those of his co-defendants who entered guilty pleas, attacking his predicate offense based on actual innocence, and requesting relief in light of his rehabilitative achievements – did not demonstrate that he was entitled to relief in the context of a motion for compassionate release.

594, 596 (7th Cir. 2022). Accordingly, we grant the Government's motion and will affirm the District Court's judgment. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.